# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TRACEY W. LETOURNEAU,

        Plaintiff,

v.                                                                      Case No. 8:22-cv-387-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### I.  Status

Tracey W. Letourneau ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of major depressive disorder, generalized anxiety disorder, degenerative disc disease and spondylosis, fibromyalgia, hypertension, and "[u]nknown [a]rthritis [k]nees." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 18, 2022, at 112-13, 125-26, 147, 163, 365, 422.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed July 28, 2022; Reference Order (Doc. No. 17), entered August 1, 2022.

On December 10, 2019, Plaintiff protectively filed an application for DIB, and on December 18, 2019, Plaintiff protectively filed for SSI. Tr. at 330-35 (DIB), 320-29 (SSI).[2] In both applications, Plaintiff alleged a disability onset date of October 25, 2018. Tr. at 345 (DIB), 339 (SSI). The applications were denied initially, Tr. at 112-24, 138, 140, 142, 188-94 (DIB); Tr. at 125-37, 139, 143, 145, 195-201 (SSI), and upon reconsideration, Tr. at 146-61, 178, 183, 185, 217-29 (DIB); Tr. at 162-77, 179, 180, 182, 204-16 (SSI).[3]

On April 13, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 38-69 (hearing transcript); Tr. at 306 (appointment of representative document). During the hearing, Plaintiff amended her alleged onset disability date to October 9, 2019. Tr. at 43-44. On April 27, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-22.[5]

---

[2] The DIB and SSI applications are dated November 25, 2019. Tr. at 335 (DIB), 329 (SSI). The DIB application was received by the SSA on December 16 or 17, 2019. Tr. at 336, 345. The protective filing date for the DIB application is listed as December 10, 2019, and for the SSI application is December 18, 2019. Tr. at 112, 147 (DIB), 125, 163, 339 (SSI).

[3] Some of the cited documents are duplicates.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 10, 40, 277.

[5] The administrative transcript also contains ALJ decisions dated February 28, 2014 and October 24, 2018 that adjudicated earlier-filed claims. Tr. at 73-81, 88-98. Those decisions are not at issue here.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. Tr. at 4-5 (Appeals Council exhibit list and order), 318-19 (request for review), 447-49 (brief). On December 17, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On February 16, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the residual functional capacity ("RFC") assigned by the ALJ "was not supported by substantial evidence because she failed to find [Plaintiff's] mental health impairments severe at Step 2 of her [D]ecision." Plaintiff's Memorandum of Law (Doc. No. 14; "Pl.'s Mem."), filed June 6, 2022, at 8; see id. at 8-13 (emphasis omitted). On July 21, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") responding to Plaintiff's argument. Then, as permitted, Plaintiff on August 4, 2022 filed Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Reply"). After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's mental impairments.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where she ended the inquiry based upon her findings at that step. See Tr. at 13-22. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

activity since October 25, 2018, the alleged onset date."[7] Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; chronic obstructive pulmonary disease; fibromyalgia." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except [Plaintiff] can frequently climb stairs and ramps, ladders, scaffolds and ropes; can frequently stoop, kneel, crouch and crawl; and must avoid concentrated exposure to unprotected heights, dangerous equipment, extreme heat and cold, humidity, dust, chemicals and fumes.

Tr. at 16 (emphasis omitted). At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a Cashier II." Tr. at 20 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 25, 2018, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

---

[7] The ALJ's use of the original, rather than amended, disability onset date is inconsequential to the issue this Court is considering.

5

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff contends the ALJ erred at step two in finding that she does not have a severe mental impairment, and then failing to incorporate any mental restrictions in the RFC. Pl.'s Mem. at 8-13; Reply at 2-4. Responding, Defendant argues that the ALJ's step-two findings and RFC findings are supported by substantial evidence. Def.'s Mem. at 5-18.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to

7

maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical

condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even

9

those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, in making the step-two findings, the ALJ specifically found that Plaintiff's diagnoses of "depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities," and therefore "they are non-severe." Tr. at 13. The ALJ went on to discuss in detail the four broad functional areas of mental functioning set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, otherwise known as the "paragraph B criteria." Tr. at 13-14.

Although the evidence on Plaintiff's mental functioning is not overwhelming in terms of its content, the undersigned cannot uphold as supported by substantial the ALJ's discussion of "no more than a mild limitation" in the areas of "understanding, remembering, or applying information" and "concentrating, persisting, and maintaining pace." Tr. at 13, 14.

In making the finding about understanding, remembering, or applying information, the ALJ did not discuss or refer to two different evaluators who

noted she has issues with short-term memory. <u>Compare</u> Tr. at 13, <u>with</u> Tr. at 530, 543. Indeed, the ALJ later found Plaintiff had "no attention or concentration deficits, and recent and remote memory were grossly intact." Tr. at 15.

In making the finding about concentration, persistence, and pace, the ALJ stated, erroneously, that "[t]he record is devoid of any evidence indicating problems with attention or concentration." Tr. at 14. In fact, the record contains multiple subjective complaints by Plaintiff to medical providers in these areas and observations by medical providers about problems in these areas. <u>See, e.g.</u>, Tr. at 508, 519, 523. One consultative psychologist even noted that Plaintiff had been "diagnosed with Attention Deficit Hyperactivity Disorder as a child and continues to have problems with that condition." Tr. at 544.

Further, the ALJ "note[d] that [Plaintiff] has not sought out ongoing mental health treatment at low-cost or no cost facilities," Tr. at 14, but the record reflects Plaintiff sought treatment with BayCare Behavioral Health Outpatient clinic specifically for her mental impairments from at least April 2019 through November 2019, Tr. at 497-524.[8] The ALJ rarely mentioned the

---

[8] Defendant argues the evidence does not meet the requirement that the impairment last for twelve months. Def.'s Mem. at 11-12. But, the ALJ did not make findings on this point. Further, the consultative examining psychologist in October 2020, more than twelve months after Plaintiff sought mental health treatment, opined as to the relevant mental disorders and symptoms. Tr. at 541-44.

11

notes from this clinic, which appear as Exhibit C3F in the administrative transcript. See Tr. at 14-15. Together with the ALJ's statement about Plaintiff not seeking out treatment, the ALJ's lack of adequate discussion of the contents of the notes calls into question whether they were adequately considered.

In sum, the totality of the mental health evidence does not appear to support the ALJ's findings that Plaintiff's mental impairments are not severe, i.e., that they do not cause even a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady, 724 F.2d at 920. But, even if the ALJ did not err at step two with respect to the mental impairments, the ALJ's election not to assign any work-related limitations based upon the mental impairments in Plaintiff's RFC cannot be upheld as supported by substantial evidence.

In evaluating Plaintiff's claim at later steps, the ALJ did not discuss the mental health evidence or otherwise make any findings about whether Plaintiff had any mental limitations. Given that the ALJ was required to consider all of Plaintiff's impairments, severe and non-severe, in assessing her RFC, the ALJ's failure to do so here constitutes error necessitating remand. See, e.g., SSR 96-8P, 1996 WL 374184 at *5; see also Schink, 935 F.3d at 1268.

The matter must be reversed and remanded for further consideration of Plaintiff's mental impairments.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the evidence relating to Plaintiff's mental impairments; and

(B) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 16, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

13